IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSEPH W. HIGGINS               :        CIVIL ACTION
                                    :
       v.                           :
                                    :
CHIEF JUDGE GARRETT E. BROWN, :
et al.                          :        NO. 11-5636

<u>MEMORANDUM</u>

Bartle, J.                                                   December 20, 2011

        Plaintiff Joseph W. Higgins ("Higgins") brings this action pro se against Chief Judge Garrett E. Brown, Judge Stanley R. Chesler, and Judge Peter G. Sheridan of the United States District Court for the District of New Jersey for conspiracy to interfere with his civil rights under 42 U.S.C. § 1985.  He also names as a defendant Judge Stephen J. Bernstein of the Superior Court of New Jersey.  Before the court is the petition of Higgins to proceed in forma pauperis.

        In his application to proceed in forma pauperis, Higgins avers that he has total monthly income of $140 from public assistance and that he has been unemployed for the past 2.5 years.  His monthly expenses far surpass his income.  Accordingly, we will grant his motion to proceed without prepayment of fees under 29 U.S.C. § 1915(a).

        Under 28 U.S.C. § 1915(e)(2), a court must dismiss as soon as possible any action in forma pauperis that is:  (1) frivolous; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is

immune from suit for damages.  28 U.S.C. § 1915(e)(2)(B).  We therefore must review the complaint to determine if dismissal is warranted under this statute.

In the complaint, Higgins asserts that Judge Bernstein fabricated a criminal complaint against Higgins for the purpose of "stealing" his girlfriend's children and "harassed" Higgins over a past-due child support debt.  Higgins alleges that the other defendants aided Judge Bernstein in his plot to steal the children and "obstructed justice."  He seeks a declaratory judgment, general, special, compensatory, and punitive damages, and attorneys' fees and costs.

The United States Supreme Court has held that judges are absolutely immune from claims for damages when acting in their judicial capacity.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 526 (1978).  Judicial immunity serves to protect final judgments from collateral attack and preserve judicial integrity "by insulating judges from vexatious actions prosecuted by disgruntled litigants." Forrester v. White, 484 U.S. 219, 225 (1988) (citing Bradley v. Fisher, 13 Wall. 335, 348 (1872)).  A litigant cannot defeat this immunity by claiming that a judicial officer acted in a malicious, incorrect, or corrupt manner.  Mireles, 502 U.S. at 12.  Judicial immunity clearly bars the claims of Higgins for monetary relief.

As stated above, Higgins also seeks a declaratory judgment "for violation of his civil rights." Declaratory relief is available against judicial officers in some circumstances. Brandon E. v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000). However, such relief is inappropriate where a party seeks merely to "adjudicate past conduct" through a declaration that his constitutional rights were violated. Corliss v. O'Brien, 200 F. App'x 80, 84-85 (3d Cir. 2006); see also Iseley v. Bucks Cnty., 549 F. Supp. 160, 166 (E.D. Pa. 1982). Thus, to the extent that Higgins' claims are not barred by judicial immunity, he has failed to state a claim upon which relief may be granted.

Accordingly, the petition to proceed in forma pauperis will be granted, but the complaint will be dismissed as barred by judicial immunity and for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B).[1]

---

1. We note that Higgins previously filed complaints against Bernstein and Chesler for alleged violations of his civil rights stemming from the same conduct. These actions were also dismissed as barred by judicial immunity and for failure to state a claim under § 1915(e)(2)(B). See Higgins v. Moss, et al., No. 10-3023 (D.N.J. July 22, 2010); Higgins v. Chesler, et al., No. 10-5969 (D.N.J. Feb. 22, 2011).